**FILED**
**May 09, 2023**
**12:34 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



### TENNESSEE BUREAU OF WORKERS' COMPENSATION CLAIMS
### IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT NASHVILLE

| | | |
|---|---|---|
| **TERRANCE GLENN,** | ) | **Docket No. 2022-06-0924** |
| **Employee,** | ) | |
| **v.** | ) | |
| | ) | |
| **CONNS, INC.,** | ) | **State File No. 37517-2022** |
| **Employer,** | ) | |
| **And** | ) | |
| | ) | |
| **TRAVELERS INDEMNITY CO.,** | ) | **Judge Joshua Davis Baker** |
| **Carrier.** | ) | |

---

## COMPENSATION ORDER GRANTING SUMMARY JUDGMENT

---

On April 24, 2023, the Court heard Conns's Motion for Summary Judgment. It argues Mr. Glenn's evidence is insufficient to establish medical causation, which is an essential element of his claim. Mr. Glenn did not timely file a written response and produce specific facts showing a genuine issue for trial. So, the Court grants summary judgment to Conns and dismisses this claim with prejudice.

### Claim History

Mr. Glenn alleged that moving a dresser for work and a supervisor that intentionally poisoned him with deer jerky injured both his neck and shoulder and infected his spine and heart. He underwent surgeries to treat multiple infections. Conns denied the claim, and Mr. Glenn filed a petition.

Conns served Mr. Glenn with Requests for Admissions, in which he was asked to admit he has no record or written opinion from a "medical provider" stating that his infections were "primarily or greater than 50% caused by" eating poisoned deer jerky from his supervisor or moving the dresser. Counsel included a letter with the discovery request that explained Mr. Glenn's obligation under applicable rules to respond to the Requests for Admissions within thirty days, but he did not respond.

After a dispute certification notice and hearing request, the Court entered a scheduling order with discovery deadlines.

Conns filed this motion for summary judgment supported by a statement of undisputed facts with citations to the records and Mr. Glenn's medical records attached. Conns purported that his diagnoses are undisputed; however, Mr. Glenn has no evidence causally linking those diagnoses to his alleged work incidents.

## Law and Analysis

To oppose summary judgment, a party must file a response "not later than five days before the hearing[.]" Tenn. R. Civ. P. 56.03 (2022). Mr. Glenn did not file a timely written response. Shortly before the hearing, he filed documentation, but he offered no explanation as to its relevance. Further, many records were duplicative and untimely. Therefore, Conns's motion for summary judgment is unopposed. Tenn. Comp. R. & Regs. 0800-02-21-.18(1)(d) (February, 2022).

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04.

Conns must do one of two things to prevail: (1) submit affirmative evidence that negates an essential element of Mr. Glenn's claim, or (2) demonstrate that his evidence is insufficient to establish an essential element of his claim. Tenn. Code Ann. § 20-16-101 (2022); *see also Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015).

Here, Conns demonstrated Mr. Glenn's evidence is insufficient to show medical causation, which is an essential element of his claim.

Proving medical causation requires an expert's testimony to a "reasonable degree of medical certainty" that the employment "contributed more than fifty percent (50%) in causing the . . . need for medical treatment, considering all causes." Tenn. Code Ann. § 50-6-102(12)(C).

Mr. Glenn admitted he had no expert opinion or evidence causally linking the alleged work incidents to the diagnoses and treatment documented in his medical records. These two essential facts were admitted when he failed to respond to Conns's admission request. *Holt v. Quality Floor Coverings, LLC*, 2022 TN Wrk. Comp. App. Bd. LEXIS 19, at *3 (May 6, 2022). With that admission, Conns demonstrated his evidence is insufficient to prove medical causation, which is an essential element of his claim.

Since Conns met its burden, Mr. Glenn "may not rest upon the mere allegations or denials of [his] pleading." *Rye*, at 265. Rather, he must produce affidavits, pleadings, depositions, responses to interrogatories, or admissions that set forth specific facts showing that there is a genuine issue for trial. Tenn. R. Civ. P. 56.06. If not, "summary judgment, if appropriate, shall be entered" against him. *Id*.

The Court finds summary judgment is appropriate because Mr. Glenn has not opposed Conns's motion with specific facts showing a genuine issue exists for trial. Rather, he has rested solely on allegations and medical records, which are insufficient to survive summary judgment. Thus, Conns is entitled to summary judgment as a matter of law.

**IT IS ORDERED** as follows:

1. Mr. Glenn's claim for workers' compensation benefits is dismissed with prejudice to its refiling.

2. Unless appealed, this order shall become final thirty days after issuance.

3. The filing fee of $150.00 is taxed to Conns, Inc. under Tennessee Compilation Rules and Regulations 0800-02-21-.07, to be paid to the Court Clerk and for which execution might issue as necessary.

4. Conns, Inc. shall prepare and file the SD-2 with the Court Clerk within ten days of this order becoming final.

**ENTERED May 9, 2023.**

_____
**Joshua Davis Baker, Judge**
**Court of Workers' Compensation Claims**

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on May 9, 2023.

| Name | Certified Mail | Fax | Email | Service sent to: |
|---|---|---|---|---|
| Terrance Glenn, Employee | | | X | terrenceglenn29@gmail.com |
| Paul Nicks, Employer's Attorney | | | X | pnicks@travelers.com |

_____
**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____
**Employee**

v.

_____
**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties
**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*